IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUZANNAH META SCHMID,

                        OPINION AND ORDER

      Plaintiff,

                        13-cv-383-bbc

  v.

BANK OF AMERICA, N.A. and
ASSOCIATED BANK, N.A.

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case arises out of a bankruptcy petition filed by plaintiff Suzannah Meta Schmid under chapter 13 of the bankruptcy code. After defendants Bank of America, N.A. and Associated Bank, N.A. filed claims against the estate for approximately $40,000 and $30,000 respectively, plaintiff objected to the claims and filed an adversary proceeding in the bankruptcy court. Plaintiff did not identify distinct claims in her complaint; rather, the complaint consists of 38 conclusory and argumentative paragraphs without headings, along with several requests for relief. The bankruptcy court construed the complaint and amended complaint as an objection to the allowance of defendant Bank of America's claim that it was the owner of a $40,000 mortgage on plaintiff's home, a challenge to the validity of a lien held by Bank of America and a fraud claim against Bank of America accompanied by a request for costs and attorney fees.

      Defendant Bank of America filed a motion to dismiss the adversary proceeding and

1

plaintiff filed a motion for leave to file a second amended complaint. The bankruptcy court denied plaintiff's motion because it was untimely and plaintiff had not identified any substantive changes in the second amended complaint. The court granted defendant Bank of America's motion, concluding that the complaint should be dismissed on various grounds: (1) it was barred by the Rooker-Feldman doctrine; (2) it was barred under the doctrine of claim preclusion; (3) plaintiff did not have standing to bring her fraud claim; and (4) plaintiff did not state a claim upon which relief may be granted.

The court declined to enter judgment on plaintiff's fraud claim and corresponding request for fees and costs after concluding that the fraud claim was not a "core proceeding" in the bankruptcy case within the meaning of 28 U.S.C. § 157, which meant that it had to be resolved by the district court. Accordingly, the court stated that its opinion on the fraud claim should be viewed as proposed findings of fact and conclusions of law and referred the matter to this court for entry of judgment. 28 U.S.C. § 157(c)(1). Both sides have had an opportunity to file responses to the bankruptcy court's opinion.

Having reviewed the bankruptcy court's opinion and the parties' submissions, I conclude that plaintiff's claim is barred under the Rooker-Feldman doctrine, so I am dismissing the claim for lack of subject matter jurisdiction. This makes it unnecessary to consider any of the other potential grounds for dismissal.

Plaintiff says nothing in her brief about defendant Associated Bank, which did not file a response to the bankruptcy court's decision. Accordingly, to the extent plaintiff intended to bring a fraud claim or any other claim against Associated Bank in this court, the

claim is forfeited.

OPINION

The first question is whether the bankruptcy court correctly determined the scope of its own authority. Under 28 U.S.C. § 157(b)(1), bankruptcy judges may "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1)." For matters that are not "core proceedings" but are "otherwise related to a case under title 11," the bankruptcy court "shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). In addition to these statutory limitations, bankruptcy courts may not decide claims that are reserved to federal courts created under Article III of the Constitution. Stern v. Marshall, 131 S. Ct. 2594, 2609 (2011). In particular, "Article III prohibit[s] Congress from giving bankruptcy courts authority to adjudicate claims that [go] beyond the claims allowance process." In re Ortiz, 665 F.3d 906, 911 (7th Cir. 2011).

Plaintiff does not dispute the bankruptcy court's reading of her complaint as an objection to the allowance of defendant Bank of America's claim that it was the owner of a $40,000 mortgage on plaintiff's home, a challenge to the validity of a lien held by Bank of America and a fraud claim against Bank of America accompanied by a request for costs and

3

attorney fees. Further, she does not challenge the bankruptcy court's decision to deny her leave to file a second amended complaint and I see no reason to overturn that decision. Finally, neither side questions the bankruptcy court's determination that it had authority to enter judgment on each of these matters with the exception of issues stemming from allegations of fraud.

I agree with the bankruptcy court regarding the issues it determined it had authority to decide. With respect to plaintiff's objection to defendant Bank of America's claim, that is obviously a core proceeding because determining the validity of a creditor's claim is one of the primary and necessary functions of a bankruptcy court. There is no problem under the Constitution either because "[n]on–Article III judges may hear cases when the claim arises as part of the process of allowance and disallowance of claims." Ortiz, 665 F.3d at 914 (internal quotations omitted). See also Katchen v. Landy, 382 U.S. 323, 333 n.9 (1966) ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure.").

With respect to plaintiff's challenge to the lien, the bankruptcy court relied on In re Pulaski, 475 B.R. 681, 687 (Bankr. W.D. Wis. 2012), to conclude that it had authority to decide that issue as well "as part of the process of claim allowance." Dkt. #1-1 at 10. However, with respect to fraud, the bankruptcy court relied on In re Rinaldi, 487 B.R. 516, 524 (Bankr. E.D. Wis. 2013), to conclude that it could not decide that issue because it was "purely [a] matte[r] of state law." The court stated that the claim was similar to the one at issue in Stern because it "could be (or could have been) brought outside bankruptcy court."

4

Dkt. #1-1 at 10-11.

In my view, it is difficult to see a distinction between the fraud claim and the claim regarding the lien. *Both* of these issues are "purely matters of state law" that could have been addressed outside the bankruptcy court, but that is not the test. Rather, the question is whether "the claim arises as part of the process of allowance and disallowance of claims" or whether the claim is "integral to the restructuring of the debtor-creditor relationship." Ortiz, 665 F.3d at 914. Stated another way, the bankruptcy court may decide a debtor's claim when "the process of adjudicating [the creditor's] proof of claim would necessarily resolve" the debtor's claim. Stern, 131 S. Ct. at 2617. Plaintiff's fraud claim seems to meet that standard because her theory is that the mortgage assignment to defendant Bank of America is invalid as a result of the fraud. If the assignment is invalid, then Bank of America does not have a claim against the estate.

However, even if the bankruptcy court was too conservative about the scope of its own jurisdiction, I see no reason to remand the case. Regardless whether the bankruptcy court had authority to decide the claim, district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Further, because I agree with the bankruptcy court that plaintiff's complaint should be dismissed, the result will be the same regardless whether judgment is entered by this court or the bankruptcy court. In particular, I agree with the bankruptcy court that the foreclosure judgment in state court bars plaintiff from bringing a claim that defendant Bank of America obtained an assignment through fraud.

5

"The Rooker–Feldman doctrine holds that the lower federal courts lack subject-matter jurisdiction over actions that seek review of state-court judgments; only the United States Supreme Court has authority to" do that. Dookeran v. County of Cook, Illinois, 719 F.3d 570, 574-75 (7th Cir. 2013). The doctrine applies to "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id.

The Rooker-Feldman doctrine applies to plaintiff's fraud claim because plaintiff's alleged injury is the state court foreclosure judgment that defendant Bank of America is now asserting against plaintiff in the bankruptcy action, which means that plaintiff is "effectively trying to appeal a state-court decision in a federal" court. Hukic v. Aurora Loan Services, 588 F.3d 420 (7th Cir. 2009). Plaintiff's claim is similar to the one at issue in Taylor v. Federal National Mortgage Association, 374 F.3d 529, 533 (7th Cir. 2004), in which the plaintiff alleged that the defendants had obtained the foreclosure judgment through fraud and the court concluded that Rooker-Feldman barred the claim. Many other courts have concluded that the Rooker-Feldman doctrine bars a litigant from challenging a foreclosure judgment in a subsequent case. E.g., In re Stewart, CIV.A. 12-1243, 2013 WL 4041963 (W.D. Pa. Aug. 8, 2013); Done v. Wells Fargo, N.A., 12-CV-04296 JFB ETB, 2013 WL 3785627 (E.D.N.Y. July 18, 2013); Renfrow v. Fremont Home Loan Trust, 5:12-CV-565-FL, 2013 WL 3475300 (E.D.N.C. July 10, 2013); Green v. Wells Fargo, 12 C 6848, 2013 WL 1966567 (N.D. Ill. May 13, 2013); Wolffing v. McLaughlin, 1:12-CV-000189 JGM, 2013 WL 1702638 (D. Vt. Apr. 19, 2013); In re Kesler, 12-12716

MBK, 2013 WL 653089 (Bankr. D.N.J. Feb. 21, 2013); Canen v. U.S. Bank National Association, 913 F. Supp. 2d 657, 662 (N.D. Ind. 2012).

Plaintiff argues that the Rooker-Feldman doctrine does not apply to "state court judgments procured by extrinsic fraud." Dkt. #1-2 at 7. However, plaintiff cites no authority for this view and it is contradicted by Taylor, 374 F.3d 529, a case in which the court applied the Rooker-Feldman even though the plaintiff "characterize[d] her case as fundamentally an action for extrinsic fraud." Id. at 534. Plaintiff says that she did not discover the fraud until after the entry of judgment, but even if that is true and even if plaintiff could not have uncovered facts that gave rise to her claim earlier, her proper course of action was to seek to vacate the judgment in *state* court, not bring a separate federal action.

ORDER

IT IS ORDERED that plaintiff Suzannah Meta Schmid's fraud claim is DISMISSED for lack of subject matter jurisdiction because it is barred by the Rooker-Feldman doctrine. The clerk of court is directed to enter judgment accordingly.

Entered this 26th day of August, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge